UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

     Plaintiff,

v.

CAJUN OPERATING COMPANY,
d/b/a Church's Chicken #1109, and
DIAMOND R.E. POLLITO, LLC.

     Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, by and through the undersigned counsel, sue Defendants, Cajun Operating Company d/b/a Church's Chicken #1109, and Diamond R.E. Pollito, LLC, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

### JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Plaintiff, Jesus Gonzalez ("Plaintiff") is an individual with disabilities as defined by the ADA, and a resident of Miami-Dade County, Florida, and otherwise *sui juris*.

4. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

5. Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

6. Plaintiff is also an advocate of the rights of similarly situated disabled persons, and a "tester" for the purpose of asserting his civil right, and to determine whether public accommodations are following the ADA/ADAAG.

7. Defendant, Cajun Operating Company, is a foreign for-profit corporation authorized to and doing business within the state of Florida, that upon information and belief is the owner and operator of the restaurant, "Church's Chicken #1109" located at 17495 NW 27th Avenue, Miami Florida 33056, ("Subject Property"), and the subject to this action. Defendant, Cajun Operating Company, is also referred hereto as "Operator" or "Lessee."

8. This Court has personal jurisdiction over Defendant, Cajun Operating Company, pursuant to Florida's long-arm statute, Fla. Stat. § 48.193, because Defendant operates, conducts, engages in, and carries on business within the State of Florida, including within this judicial district, for pecuniary benefit through the operation of its "Church's Chicken #1109" restaurant.

9. The exercise of personal jurisdiction over Defendant further satisfies the requirements of due process. Defendant has purposefully availed itself of the privileges of conducting business in Florida through the ownership and/or operation of the "Church's Chicken #1109" restaurant location within this District. This action arises directly from Defendant's

business activities in Florida in connection with the Subject Property. Therefore, it is fair and reasonable to require Defendant to defend this case in Florida.

10. Defendant, Diamond R.E. Pollito, LLC, is a Florida limited liability company, which upon information and belief owns and/or operates a commercial real property identified as Folio: 34-2110-011-1400, with post address of 17495 NW 27th Avenue, Miami FL 33056, the subject property to this action. Defendant, Diamond R.E. Pollito, LLC, is also referred hereto as "Owner" or "Lessor".

## FACTS

11. Defendant, Cajun Operating Company, is the owner and/or operator of the "Church's Chicken #1109" restaurant located at 17495 NW 27th Avenue, Miami FL 33056 and open to the public. As such, a Place of Public Accommodation subject to the requirements of Title III of the ADA and it's implementing regulation as defined by 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

12. At all times material hereto, Defendant, Diamond R.E. Pollito, LLC has leased its commercial property to Defendant, Cajun Operating Company, who in turn has operated (and continues to operate) its restaurant "Church's Chicken #1109" within that leased space.

13. Defendant, Cajun Operating Company, is defined as a "Public Accommodation" within meaning of Title III because, 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104, because it is a private entity which owns or operates a restaurant.

14. As the owner/operator of a retaurant Defendant, Cajun Operating Company, is aware of the ADA and its obligation to provide equal access to all areas of its facilities. Therefore, its failure to reasonably accommodate mobility-impaired and disabled patrons by

ensuring the facility is fully accessible was willful, malicious, and oppressive, demonstrating a complete disregard for the Plaintiff's civil rights, in violation of 28 C.F.R. § 36.30.

15. Defendant, Diamond R.E. Pollito, LLC, is also defined as a "Public Accommodation" within meaning of Title III: 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104, because is the owner of commercial property which built out and utilized as a restaurant.

16. As the owner of commercial property, which is built as a public accommodation, Defendant, Diamond R.E. Pollito, LLC, is aware of the ADA and the requirement to provide equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

17. On December 20, 2025, Plaintiff visited "Church's Chicken #1109" restaurant, to test for compliance with the ADA/ADAAG, but because he perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access, and enjoyment of the facilities, services, goods, and amenities, because of the architectural barriers met at the Subject Property.

18. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the business operator (Defendant, Cajun Operating Company), and by the owner of the commercial property (Defendant, Diamond R.E. Pollito, LLC).

19. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

20. Plaintiff intends to return to the "Church's Chicken #1109" reataurant operated by Defendant, Cajun Operating Company and located at the commercial premises owned by Defendant, Diamond R.E. Pollito, LLC, to ascertain whether the discriminatory barriers have been remedied. Plaintiff remains subject to ongoing injury due to the continued presence of ADA violations at the Subject Property.

21. Any and all requisite notice has been provided.

22. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

23. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

24. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

25. Prior to the filing of this lawsuit, Plaintiff personally visited "Church's Chicken #1109" retaurant to test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has injured in fact.

26. Defendants, Cajun Operating Company and Diamond R.E. Pollito, LLC, have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Subject Property in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

27. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to the commercial property use as the "Church's Chicken #1109" retaurant.

28. Defendants are jointly and singularly governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

29. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

30. Defendants, Cajun Operating Company and Diamond R.E. Pollito, LLC, are in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both Defendants, Defendant, Cajun Operating Company (operator) and Defendant, Diamond R.E. Pollito, LLC, (owner of the commercial property) (jointly and severally), are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

**Parking Lot & Accessible Route**

i.  The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: Some of the accessible parking spaces are located on a non-compliant slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a non-compliant slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

**Interior Seating**

iv. The seating provided at the facility does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

v.  The facility does not provide the required amount of seating. Failing to provide sufficient amount of seating when dining surfaces are provided for the consumption of food or drinks for person(s) with a disability in violation of section 5.1 of the ADAAG and Sections 226 of the 2010 ADA Standards.

**Public Restroom – Men's Restroom**

vi. The plaintiff had difficulty opening the door without assistance, as it does not have the required door pressure. Violation: Door has a non-compliant opening force. Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The plaintiff had difficulty opening the door without assistance, as it does not have the required maneuvering clearance on the push side of the door. Violation: Lavatory is encroaching the required maneuvering clearance on the push side of the door. Section 4.13.6 of the ADAAG and 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The plaintiff could not use the toilet tissue dispenser without assistance, as it is not mounted at the required location. Violation: The toilet tissue dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. The plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is missing. Violation: Water closet does not provide a rear wall grab bar. Sections 4.16.4 of the ADAAG and Sections 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

x. The plaintiff could not use the toilet without assistance, as it is mounted outside the required distance from the side wall. Violation: Water closet is mounted in a non-compliant distance from the sidewall. Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xi. The plaintiff had difficulty to use the mirror, as it is mounted too high. Violation: The mirror provided in the restroom is in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendants, Defendant, Diamond R.E. Pollito, LLC, (owner of the commercial property) and Defendant, Cajun Operating Company (lessee of the commercial property) and requests the following injunctive and declaratory relief:

a. The Court declare that Defendants have violated the ADA

b. The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c. The Court enter an Order requiring Defendants to alter the commercial property and the establishment located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

**Gonzalez v. Cajun Operating Company**
**Complaint for Injunctive Relief**

    d.   The Court award reasonable costs and attorneys fees; and

    e.   The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted on January 23, 2026.

> By: */s/ J. Courtney Cunningham*
> Juan Courtney Cunningham, Esq.
> FBN: 628166
> **J. COURTNEY CUNNINGHAM, PLLC.**
> 8950 SW 74th Court, Suite 2201
> Miami, Florida 33156
> Telephone: 305-351-2014
> cc@cunninghampllc.com
> legal@cunninghampllc.com
>
> *Counsel for Plaintiff*